UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALTY

NAVAL LOGISTIC, INC. d/b/a
MIDDLE POINT MARINA,

    Plaintiff

v.

M/V PETRUS, *in rem*,
and GREG PACK, *in personam*,

    Defendant.

_____/

## VERIFIED COMPLAINT

Plaintiff, Naval Logistic, Inc. d/b/a Middle Point Marina ("MPM"), by and through undersigned counsel, sues Defendants, M/V Petrus ("Vessel"), *in rem*, and its owner, Greg Pack, *in personam*, and alleges as follows:

1. The Court has jurisdiction over this cause pursuant to the provisions of Section 1333 of Title 28, United States Code. This is an admiralty and maritime claim within the meaning of Rule 9(h). This is an action to enforce a maritime claim within the meaning of Rule 9(h). This is an action to enforce a maritime lien on a vessel which is authorized by 46 USC Section 31342(a)(2) and is brought pursuant to Rule C(1)(b) of the Supplement Rules for Admiralty and Maritime Claims.

2. At all times material hereto, Plaintiff, MPM, was and still is a Florida corporation which operates a shipyard located at 3601 NW South River Drive, Miami, Florida.

3. Defendant, M/V Petrus, is an 88-foot motor vessel registered in Florida under Registration no. FL 1219 RR, HIN 022317, Decal no. D360096. At all times material hereto, the

M/V Petrus was owned by Defendant, Greg Pack, whose address is 870 W 1100 W Bountiful, Utah 84087. The Defendant, Greg Pack, is the owner of M/V Petrus. Defendant, M/V Petrus, is presently located within this district and within the jurisdiction of the Court. The Petrus is presently located at MPM, 3601 NW South River Drive, Miami, Florida 33142.

## COUNT I
## Breach of Contract

4. Plaintiff re-alleges and incorporates herein paragraphs 1 through 3 above, as if fully stated herein and further alleges:

5. As per Defendant Greg Pack's Instructions, on or around December 18, 2020, MPM picked up, towed and delivered M/V Petrus to MPM from RMK Merrill Stevens Marina to store the M/V Petrus at MPM.

6. The charges for towing the M/V Petrus from RMK Merrill Stevens Marina to MPM on or around December 18, 2020 was $2,500.00 plus sales tax of 7% and environmental fees of 5%.

7. On December 21, 2020 M/V Petrus sank. Thereafter, MPM salvaged, dewatered, floated, lifted, hauled out and blocked the M/V Petrus on land in MPM's yard where it currently remains.

8. The fees incurred in salvaging, dewatering, floating, lifting, hauling out and blocking the M/V Petrus on or around December 21, 2020 totaled $70,000.00 plus sales tax of 7% and environmental fees of 5%.

9. On or about January 11, 2021, Defendant, Greg Pack, individually and on behalf of the M/V Petrus, entered into a Shipyard Agreement for storage of the vessel, M/V Petrus. A copy of the Shipyard Agreement is attached hereto as **Exhibit "A"**.

10. The same day, Greg Pack gave MPM two checks for the combined amount of $10,075.55 as a deposit towards the towing and salvage services rendered by MPM. A copy of these checks is attached hereto as **Exhibit "B"**.

11. It was also agreed that day that MPM would charge Greg Pack's credit card on file for the storage of the M/V Petrus for the period of December 22, 2020 through January 22, 2021 at a discounted rate of $3,500.00 plus sales tax of 7% and environmental fees of 5%. This payment was processed on January 21, 2021. A copy of Invoice no. 07292020-186 is attached hereto as **Exhibit "C"**.

12. The Vessel was initially to be removed from MPM by January 22, 2021.

13. If the Vessel was not removed by January 22, 2021 it was then agreed that Plaintiff, MPM, would charge Defendants a rate of $220.00 per day plus sales tax of 7% and environmental fees of 5%.

14. Defendants, Greg Pack and M/V Petrus, failed to remove the Vessel by January 22, 2021.

15. The charges for unpaid storage incurred from January 22, 2021 through February 8, 2021 totals $4,201.89. These charges continue to accrue at the rate of $220 per day plus sales tax of 7% and environmental fees of 5%. A copy of Invoice no. 07292020-205 is attached hereto as **Exhibit "D"**.

16. The charges for towage and salvage services rendered to the M/V Petrus totals $91,529.30. A copy of Invoice no. 07292020-176 is attached hereto as **Exhibit "E"**.

17. Defendant Greg Pack has only paid $10,075.55 in regard to Invoice no. 07292020-176. *See* **Ex. B, E**.

18. The unpaid balance on Invoice no. 07292020-176 that remains due and owing to MPM in regard to the M/V Petrus as of the date of the filing of this Complaint is $81,453.75. *id.*

19. The total amount due and owing to MPM in regard to the M/V Petrus between Invoice no. 07292020-176 and 07292020-205 as of the date of the filing of this Complaint is $85,669.89. *See* **Ex. D, E**.

20. Plaintiff, MPM, has attempted to ascertain from Defendant, Greg Pack, when the M/V Petrus will be removed from MPM and when the outstanding charges for storage and salvage services will be paid, but Defendant Greg Pack has failed and/or refused to respond. Thus, the M/V Petrus remains at MPM incurring storage charges each day and the outstanding invoice(s) remain unpaid.

21. As a direct and proximate result of Defendants failure to remove the vessel and pay the outstanding charges, Plaintiff, MPM, has sustained damages of $85,669.89 plus attorney's fees and additional charges accrue daily causing further damage to Plaintiff, MPM.

WHEREFORE, Plaintiff requests the Court enter judgment against Defendant, Greg Pack *in personam*, and against Defendant M/V Petrus *in rem* for the full amount of Plaintiff's damages, plus pre-judgment interest, attorney's fees and costs.

## COUNT II
## MARITIME LIEN FOR NECESSARIES

22. Plaintiff, MPM, re-alleges and incorporates herein paragraphs 1 through 21, above, as if fully stated herein and further alleges.

23. The providing of salvage services and storage for a vessel creates a maritime lien against the vessel. *See Robbie's of Key W. v. M/V Komedy III*, 470 F. Supp. 3d 1264, 1268 (S.D. Fla. 2020) (providing a "necessary" such as salvage or storage to a vessel entitles the provider to a maritime lien).

24. Plaintiff, MPM, has a valid maritime lien against the M/V Petrus for necessaries for its storage and salvage services provided to the M/V Petrus.

25. Defendant, M/V Petrus, and its owner have failed and/or refused to pay of the outstanding charges owed to Plaintiff, MPM, and Plaintiff, MPM, has a direct cause of action against the M/V Petrus, *in rem*.

26. Plaintiff, MPM, requests that this Honorable Court issue a warrant for arrest *in rem* allowing the United States Marshal to arrest the vessel. If Plaintiff, MPM's maritime lien is not paid in a timely fashion, Plaintiff, MPM, will request this Honorable Court to direct the United States Marshal to sell the vessel at the Marshal's auction to satisfy the maritime lien.

WHEREFORE, Plaintiff, MPM, respectfully requests the following:

A. A warrant for arrest issue against the M/V Petrus, her engines, boilers, tackle, equipment, furniture, apparel, etc., and that any person, firm or corporation claiming any interest in said vessel may be cited to appear and answer this Complaint; and

B. The Court direct that notice of commencement of this suit shall be given by Plaintiff to the owner of the M/V Petrus and any other persons, firms or corporations having any interest herein or having filed any mortgages or notices of lien against the vessel;

C. That Plaintiff have a judgment entered in its favor for the amounts owed, plus pre-judgment interest, attorney's fees and taxable costs of this action; and

D. Plaintiff be awarded such other and further relied as the Court deems just and proper.

Signed this 8th day of February, 2021.

Respectfully submitted,

**FOREMAN FRIEDMAN, PA**

BY:*/s/ Dominic L. Scheer*
Jeffrey E. Foreman, Esq.
Florida Bar No. 0240310
jforeman@fflegal.com
Dominic L. Scheer, Esq.
Florida Bar No. 1022250
dscheer@fflegal.com

One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, FL 33131
Tel: 305-358-6555 / Fax: 305-374-9077

[THE REST OF THIS PAGE LEFT INTENTIONALLY BLANK]

## **VERIFICATION**

STATE OF FLORIDA)
                              SS)
COUNTY OF MIAMI)

    BEFORE ME, the undersigned authority, personally appeared EDUARD CASTILLO, who, being first duly sworn according to law, deposes and says that he is the _____, has read the Complaint, and as to the facts stated to be true, they are true, and as to the facts stated on information and belief, he is informed that that they are true.

_____
Eduard Castillo

    SWORN TO and SUBSCRIBED TO before me on this 6th day of February, 2021.
Individual personally known _____ OR Individual produced identification ✗____
Type and number of identification(s) produced_____ FLDL _____.

_____
NOTARY PUBLIC

My Commission Expires:

```
JOSE VIJIL
Notary Public - State of Florida
Commission # GG 934755
My Comm. Expires Nov 25, 2023
Bonded through National Notary Assn.
```