UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
IN ADMIRALTY

CASE NO.: 1:21-CV-20556-DSL

NAVAL LOGISTIC, INC. d/b/a
MIDDLE POINT MARINA,

    Plaintiff,

v.

M/V PETRUS, *in rem*,
and GREG PACK, *in personam*,

    Defendants.

_____/

**PLAINTIFF'S VERIFIED MOTION FOR ATTORNEYS' FEES AND COSTS**

Plaintiff, Naval Logistic, Inc. d/b/a Middle Point Marina ("MPM"), by and through undersigned counsel, hereby moves for an order awarding attorneys' fees and costs, and in support, states:

**Introduction**

In the Order granting Plaintiff's Motion for Summary Judgment [DE 142], this Honorable Court discussed that Defendants breached MPM's shipyard agreement which called for the recovery of attorneys' fees and costs. *See generally* [DE 142]. While entitlement to attorneys' fees has already been established based on the Court's finding that Defendants breached the Shipyard Agreement, the amounts of fees and costs have not yet been established. Accordingly, Plaintiff submits this motion to recover $249,855.00 in attorneys' fees and $9,441.84 in costs. Plaintiff would like this Court to note that this matter has lasted over four (4) years, and involved multiple iterations of counterclaims for which Plaintiff successfully moved for dismissal, an extensive

interlocutory appeal by Defendants, relitigating of several key issues, contentious discovery, Plaintiff's successful summary judgment efforts, default proceedings, and post-judgment discovery.

## Legal Standard

Southern District of Florida Local Rule provides the procedure for resolving attorneys' fees and costs. Local Rule 7.3(a) requires that the motion:

(1) be filed and served within sixty (60) days of the entry of the final judgment or order giving rise to the claim, regardless of the prospect or pendency of supplemental review or appellate proceedings;

(2) identify the judgment or other order which gives rise to the motion, as well as the statute, rule, or other grounds entitling the moving party to the award;

(3) state the amount sought;

(4) disclose the terms of any applicable fee agreement;

(5) provide:

    (A) the identity, experience, and qualifications for each timekeeper for whom fees are sought;

    (B) the number of hours reasonably expended by each such timekeeper;

    (C) a description of the tasks done during those hours; and

    (D) the hourly rate(s) claimed for each timekeeper;

(6) describe and document with invoices all incurred and claimed fees and expenses not taxable under 28 U.S.C. § 1920;

(7) be verified; and

(8) certify that a good faith effort to resolve issues by agreement occurred pursuant to Local Rule 7.3(b), describing what was and was not resolved by agreement and addressing separately the issues of entitlement to fees and amount.

An award of attorneys' fees is calculated by using the lodestar method—that is, by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*quoting Blum v. Stenson*, 465 U.S. 886, 888 (1984)). "Once the lodestar has been calculated, there is a strong presumption that the figure is a reasonable sum." *Alhassid v. Bank of Am., N.A.*, 688 F. App'x 753, 758 (11th Cir. 2017) (*citing Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008)).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436. "Generally, the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 6238647, at *12 (S.D. Fla. Dec. 3, 2013) (*quoting Barnes*, 168 F.3d at 427).

In determining the prevailing market rate, the Court should consider several factors, including: "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Marjam Supply Co. of Florida, LLC v. Pliteq, Inc.*, No. 1:15-cv-24363, 2021 WL 1200422, at *16 (S.D. Fla. March 5, 2021) (*citing Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996); *Johnson v. Georgia Hwy. Exp., Inc.*, 488 F.2d 714, 717-18 (5th Cir. 1974), overruled on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989)). "In the

end, however, the Court remains an expert on the issue of attorneys' fees and 'may consider its own knowledge and experience concerning reasonable and proper fees.'" *Id,* (*quoting Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988); *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

The moving party has the burden of establishing that the fee request is reasonable by submitting evidence regarding the number of hours expended and the hourly rate claimed, with "sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303; *Marjam*, 2021 WL 1200422, at *15.

### I.   Local Rule 7.3(a)(2) – Judgment or other order giving rise to the motion and grounds for award.

In its Final Judgment [DE 145], this Court ordered that Plaintiff "is entitled to $6,179.25 for pre-arrest storage, $81,453.75 for the December 21, 2020, salvage of the M/V Petrus, $48,839.66 in *custodia legis* expenses, and $4,103.00 in arrest related costs from Defendants Greg Pack and Chartered Yachts Miami, LLC. Further, in this Court's Order Granting Summary Judgment [DE 142], this Court found that Greg Pack breached the Shipyard Agreement, which called for payment of MPM's attorneys' fees and costs. *See generally* [DE 142].

### II.   Local Rule 7.3(a)(3) – The amount sought.

Plaintiff seeks $249,855.00 in attorneys' fees $9,441.84 in costs.

### III.   Local Rule 7.3(a)(4) – The terms of any applicable fee agreement.

Plaintiff and its counsel, Foreman Friedman, PA, entered into an agreement for Foreman Friedman, PA, to represent it in this matter on an hourly basis at the rates of $450/hour for Jeffrey

Foreman, Esq., $425/hour for all other partners, $300/hour for associates, and $125/hour for paralegals.[1]

**IV.    Local Rule 7.3(a)(5) – The identity, experience, and qualifications for each timekeeper for whom fees are sought.**

**A) Jeffrey E. Foreman, Esq.**

**Jeffrey Foreman** is a founding partner and principal of Foreman Friedman, P.A. He manages the firm's operations and supervises the firm's partners, associates, paralegals, legal assistants and administrative staff members. Jeffrey Foreman obtained his B.S. from Arizona State University in 1984 and his J.D. from John Marshall Law School in 1986. From 1986 until 2000, Jeffrey Foreman co-managed a law firm in Chicago, Illinois, which handled predominantly civil litigation matters. He also founded a highly successful private arbitration and mediation company in Chicago. From 2000 to present day, Jeffrey Foreman has handled various civil litigation matters, mostly involving maritime disputes.

Jeffrey Foreman is admitted to the state bars of Florida (2000), and Illinois (1986). He is admitted to practice in the United States District Courts for the Southern District of Florida, Middle District of Florida, Northern District of Illinois, United States Court of Appeals for the Eleventh District, and the United States Supreme Court.

In total, Jeffrey Foreman has been practicing law for 38 years and, while he has not kept a tally, has handled well over a thousand cases, including nearly 700 in the United States District Court for the Southern District of Florida, and tried over one hundred.

**B) Noah D. Silverman, Esq.**

---

[1] These rates were recently found to be reasonable for the undersigned law firm's representation of MPM in a similar matter in this District. *See Naval Logistic, Inc. v. M/V Family Time, et al.,* Case No.: 1:23-cv-22379-RNS [ECF No. 165] (S.D. Fla. May 15, 2025) (Lett, J.)

**Noah Silverman** is a partner at Foreman Friedman, P.A. He supervises one junior partner, three associates, and a paralegal. Mr. Silverman obtained his B.A. from The University of Michigan – Ann Arbor in 1997 and his J.D. from University of Miami School of Law in 2000. From 2000 to present day, Mr. Silverman has handled various civil litigation matters, mostly involving maritime disputes.

Mr. Silverman is admitted to the state bar of Florida (2000), and the United States District Courts for the Southern District of Florida, Middle District of Florida, and the United States Court of Appeals for the Eleventh District.

In total, Mr. Silverman has been practicing law for 24 years and, while he has not kept a tally, has handled over 400 cases in the United States District Court for the Southern District of Florida.

C) **Zachary L. Foreman, Esq.**

**Zachary Foreman** is a senior associate at Foreman Friedman, P.A. He obtained his B.A. from The University of Texas – Austin in 2016 and his J.D. from Florida International University College of Law in 2019. Since 2019, Zachary Foreman has handled various civil litigation matters, mostly involving maritime disputes.

Zachary Foreman is admitted to the state bars of Florida (2019), Washington (2023), and Illinois (2024). He is also admitted to practice in the United States District Courts for the Southern District of Florida, Middle District of Florida, Eastern District of Washington, and Western District of Washington.

In total, Zachary Foreman has been practicing law for 5 years and has been actively involved in the handling of over 50 cases in the United States District Court for the

Southern District of Florida. Zachary Foreman regularly handles matters involving salvage and liens for necessaries.

D) **Dominic Scheer, Esq.**

**Dominic Scheer** is a former associate of Foreman Friedman, P.A. He obtained his bachelor's degree from Florida International University in 2014 and his J.D. from St. Thomas University School of Law in 2019.

During his time working on the instant case, he was admitted to the state bar of Florida and the United States District Court for the Southern District of Florida.

At the time of his involvement in this matter, Dominic Scheer had over one year experience litigating cases in the Southern District of Florida.

E) **Catherine MacIvor, Esq.**

**Catherine MacIvor** is a former partner at Foreman Friedman, P.A. She obtained her bachelor's degree from Boston University in 1983 and her J.D. from University of Miami School of Law in 1989. Ms. MacIvor now serves as general counsel of a cruise line.

During her time working on this matter, Catherine MacIvor was admitted to the state bar of Florida, the bar for the U.S. District Courts for the Southern District of Florida and the Northern District of Illinois, the U.S. Court of Appeals for the First, Fifth, Seventh, Ninth, and Eleventh Circuits, and the U.S. Supreme Court.

In total, Ms. MacIvor has been practicing law for over 35 years and has been actively involved in the handling of numerous cases in the United States District Court for the Southern District of Florida, the Northern District of Illinois, and the abovementioned U.S. Courts of Appeals.

F) **Deanna Santo**

Deanna Santo is a former associate at Foreman Friedman, P.A. She obtained her bachelor's degree from University of California, Los Angeles in 2017 and her J.D. from University of Miami School of Law in 2020. Ms. Santo now served as the director of claims of a cruise line.

During her time working on this matter, Ms. Santo was admitted to the state bar of Florida, the bar for the U.S. District Court for the Southern District of Florida and the U.S. Court of Appeals for the Eleventh Circuit.

Ms. Santo has been practicing law for 4 years and has been actively involved in the handling of numerous matters in this District as well as appeals in the Eleventh Circuit U.S. Court of Appeals.

**G) Catherine Mancing**

Ms. Mancing is a former senior associate at Foreman Friedman, P.A.. She obtained her bachelor's degree from Purdue in 1993, her masters degree from Emory in 1997, and her J.D. from Syracuse University School of Law in 2001.

During her time working on this matter, Ms. Mancing was admitted to the state bar of Florida as well as the bar for the U.S. District Court for the Southern District of Florida.

During her time working on this matter, Ms. Mancing had been practicing law for approximately 20 years.

**H) Russell Keith**

Mr. Keith is a paralegal at Foreman Friedman, P.A. Mr. Keith has been with the firm since 2006. He has assisted the firm's attorneys in the handling of matter in the U.S. District Courts and U.S. Courts of Appeals on a regular basis since his joining the firm.

**V.      Local Rule 7.3(a)(5)(B)-(D) - The number of hours reasonably expended by each such timekeeper; a description of the tasks done during those hours; the hourly rate(s) claimed for each timekeeper.**

The specific billing entries for each timekeeper on this matter are set forth in Foreman Friedman P.A.'s timesheets. [2] However, the following provides an overview of the tasks, rates, and total time spent by each timekeeper with regard to this matter:

**A) Zachary Foreman – Associate ($300/hour) – 468.5 hours**

468.5 hours * $300 = $140,550.00

Zachary Foreman handled the majority of the tasks in the instant matter, including drafting various pleadings and motions, conducting legal research into the various issues of law that arose during throughout the course of the case, communicating with his client and with opposing counsel, conducting written discovery and investigation, attending and conducting depositions, coordinating with the U.S. Marshal for the arrest and sale of the Defendant Vessel, and pursuing summary judgment, default, post-judgment discovery, and preliminary collections tasks.  *See* Exhibit A.

**B) Noah Silverman – Partner ($425/hour) – 38.5 hours**

38.5 hours * $425 = $16,362.50

Noah Silverman oversaw the handling of this matter. Most of Mr. Silverman's time expended in this matter included analysis of case strategy, review of pleadings, revision of draft pleadings and motions, and attendance at telephone conferences with his client and opposing counsel. *See* Exhibit A.

---

[2] For the purposes of this motion, the undersigned refers to the timesheets as EXHIBIT A. However, contemporaneous with this Motion, Plaintiff is filing a Motion for Leave to file these timesheets under seal as they contain privileged information, including attorney-client communications and attorney work product. Additionally, Plaintiff is also moving for leave to file its log of costs—which is labeled herein as EXHIBIT B—under seal.

**C) Jeffrey Foreman – Partner ($450/hour) – 6 hours**

6 hours * $450 = $2,700.00

Jeffrey Foreman assisted in overseeing the handling of this matter. Most of Mr. Foreman's time expended in this matter included analysis of Defendants' motions in order to assist with case handling strategy. *See* Exhibit A.

**D) Catherine MacIvor – Partner ($425/hour) – 35.3 hours**

35.3 hours * $425 = $15,002.50

Ms. MacIvor's involvement in this matter was limited to Defendants' appeal. She oversaw the handling of all aspects of the appeal. Most of Ms. MacIvor's time expended in this matter included analysis of appellate strategy, review of the docket and pleadings, and revision of draft appellate briefs. *See* Exhibit A.

**E) Deanna Santo – Associate ($300/hour) – 96.2 hours**

96.2 hours * $300 = $28,860.00

Ms. Santo's involvement in this matter was mostly concerning Defendants' appeal. Ms. Santo was the main associate assigned to the appeal. She performed extensive review of client documents, correspondence, the docket, the pleadings, and other materials relevant to the appeal. Ms. Santo also performed extensive research, drafted Plaintiff's responsive brief, and was involved in analysis of strategy pertaining to the appeal. *See* Exhibit A.

**F) Catherine Mancing –Senior Associate ($300/hour) – 36.5 hours**

36.5 hours * $300 = $10,950.00

Ms. Mancing's involvement in this matter was a partner who primarily handled this matter during the month of September, 2021. Ms. Mancing primarily was engaged in

conferrals, research, and drafting motions and status reports regarding jurisdictional issues pending the outcome of the interlocutory appeal. *See* Exhibit A.

**G) Dominic Scheer – Associate ($300/hour) – 111.1 hours**

   111.1 hours * $300 = $33,330.00

Mr. Scheer's involvement was mostly confined to the beginning stages of the case. Mr. Scheer's tasks mostly involved research on legal issues involved in the claims, corresponding with our client regarding the facts of the claims, corresponding with opposing counsel, drafting of the Complaint and various other pleadings related to the arrest and sale of the Vessel, and organizing for the arrest of the Vessel and its eventual sale. *See* Exhibit A.

**H) Russell Keith – Paralegal ($125/hour) – 16.8 hours**

   16.8 hours * $125 = $2,100.00

Mr. Keith's involvement was also limited to the appeal. Mr. Keith assisted the attorneys in the revision and finalization of Appellee's brief as well as the preparation of the appendix. *See* Exhibit A.

The total amount of attorneys' fees sought by Plaintiff is $249,855.00.

**VI. Fees and expenses not taxable under 28 U.S.C. §1920.**

The following costs, which are not taxable under 28 U.S.C. §1920 have been incurred as a result of this matter:

   A) Westlaw Research Fees - $4,807.84

   B) Court Reporter Fees for depositions - $4,434.00

   C) Process server fees for service of process on Greg Pack - $200.

*See* EXHIBIT B.

WHEREFORE Plaintiff respectfully requests this Honorable Court enter an order awarding Plaintiff $249,855.00 in attorneys' fees and $9,441.84 in costs, as well as for all other relief deemed just and appropriate.

## CERTIFICATE REGARDING CONFERRAL

The undersigned certifies that he has not conferred with Defendants as a default has been entered against them for CYM's failure to retain new counsel, both Defendants' failure to participate in the proceedings and Pack's failure to advise the Court of their intention to proceed pro se. *See* Order to Show Cause [DE 141]; *see also* Order to Enter Default [DE 142]. An opposing party's default can excuse the conferral requirement of Local Rule 7.3(b). *See e.g. Gayle v. Spark of Hope, LLC,* No. 18-60345-CIV, 2019 WL 3412157, at *3 (S.D. Fla. June 3, 2019)("In the instant case, the Plaintiff made no attempt to confer with the Defendant Spark of Hope, LLC…[a]rguably, this omission was justified by the corporate Defendant's decision to default… in light of the Defendant's default, this Court will consider the Plaintiff's request for an award of attorneys' fees.").

Dated: June 9, 2025
Miami, FL

Respectfully submitted,
**FOREMAN FRIEDMAN, PA**
By: */s/ Zachary L. Foreman*
Zachary L. Foreman, Esq. (FBN 1017993)
zforeman@fflegal.com
Noah D. Silverman, Esq. (FBN 401277)
nsilverman@fflegal.com
Jeffrey E. Foreman, Esq. (FBN 240310)
jforeman@fflegal.com
One Biscayne Tower, Suite 2630
2 South Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 358-6555
Fax: (305) 374-9077
*Counsel for Naval Logistic, Inc.*

## **VERIFICATION**

      Pursuant to 28 U.S.C. S 1746(2), I declare under penalty of perjury that the information contained in this Motion is true and correct to the best of my information, knowledge and belief based upon the information made available to me and is therefore verified on behalf of Naval Logistic, Inc.

By: _____  Date: Jun 10, 2025 _____
Eduard Castillo, President
Naval Logistic, Inc.